# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * *
LANCE BUTERBAUGH,               *
                                *    No. 14-127V
           Petitioner,          *    Special Master Christian J. Moran
                                *
v.                              *    Filed: May 20, 2016
                                *
SECRETARY OF HEALTH             *    Attorneys' fees and costs; award
AND HUMAN SERVICES,             *    in the amount to which respondent
                                *    has not objected
           Respondent.          *
* * * * * * * * * * * * * * * * * * *
```

<u>Ronald Homer</u>, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner;
<u>Linda Renzi</u>, U.S. Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 12, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34 (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barre syndrome ("GBS"). On March 24, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation.

Because petitioner received compensation, petitioner is entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On April 25, 2016, petitioner filed a motion for attorneys' fees and costs. Respondent did not respond to the motion. Petitioner requests attorneys' fees in the amount of $25,616.40 and attorneys' costs in the amount of $19,837.07 for a total amount of $45,453.47. In compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred $350.00 for out-of-pocket expenses.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa−15(e). Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.[2]

**Accordingly, the undersigned awards the total of $45,803.47. Of this amount, $45,453.47 shall be payable as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Ronald Homer.[3] The amount of $350.00 shall be payable in the form of a check payable to the petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Although no reduction is being made, petitioner's attorneys are instructed to encourage Dr. Latov and Ms. Hurley to prepare invoices that contain a greater amount of detail. See Pet'r's Mot. at pdf 34, 37.

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa−15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.